## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

**CHARLES R. MCNICHOLS**                                                    **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 5:24-CV-P57-JHM**

**DEPUTY WARDEN CHRIS HATTON** *et al.*                          **DEFENDANTS**

### <u>MEMORANDUM OPINION</u>

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Charles R. McNichols was formerly incarcerated as a convicted prisoner at Western Kentucky Correctional Complex (WKCC).  He brings this action against WKCC Deputy Warden Chris Hatton, WKCC Warden Bobbi Jo Butts, WKCC Captain Zachary Eubanks, and the Kentucky Department of Corrections (KDOC).  Plaintiff sues Defendants Hatton, Butts, and Eubanks in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

> On 2-27-24 I was escorted to the SMU unit . . . .  I did not know what for until about 8 days later.  I was informed that I had several [] infractions against me for numerous different write-ups.  Pending from 1 message to Ronald R. McNichols a family member of mine pertaining to some financial dealings over [illegible] home business.  I then had others pertaining variety issues over female staff.  Things got interesting because I was [illegible] a few others at other institutions.  Although I do not know why they charged me with pursuing at other institutions they charged with causing a health hazard, intimidation threats- tablet restrictions and so forth.  I still have several others pending.  This does stem from a medical lawsuit and other matters pertaining to who I am.   Exhibits enclosed including names of others pertaining to this complaint. . . .

As relief, Plaintiff seeks damages.

The exhibits attached to the complaint show that Plaintiff was charged by Defendant Eubanks with "pursuing/having a non-correctional relationship w/ non-inmate" after Plaintiff sent a sexual letter to a female officer at WKCC on February 24, 2024 (DN 1-1, p.1), and that Plaintiff was found guilty of this charge on March 21, 2024, after a disciplinary hearing was held (DN 1-1, pp. 24-25). The remainder of the exhibits show that Plaintiff was charged and convicted of several other disciplinary infractions which caused him to be placed in disciplinary segregation. (DN 1-1, DN 13).

In a subsequent filing (DN 15), Plaintiff states that this action is about "being falsely detained by D.O.C. in W.K.C.C. in the SMU for fictitious write ups."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M &*

2

*G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And a court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require a court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting

under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  KDOC and Official-Capacity Claims

Plaintiff sues the KDOC and each individually named Defendant in his or her official capacity only.  A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  For these reasons, Plaintiff's claim against the KDOC and his official-capacity claims against the other Defendants must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B.  Individual-Capacity Claims

#### 1.  Defendants Warden Butts and Deputy Warden Hatton

The complaint contains no allegations against Defendant Butts or Hatton.  Thus, the Court presumes that Plaintiff intended to sue them based upon their supervisory roles at WKCC. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626  (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play

4

a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)) (quoting *Salehpour v. Univ. of Tenn*., 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because Plaintiff does not allege any active unconstitutional behavior by Defendant Butts or Hatton, Plaintiff's claims against them must be dismissed for failure to state a claim upon which relief may be granted.

### 2.   Defendant Eubanks

Although not named in the complaint, as indicated above, Plaintiff's attachment to the complaint shows that Defendant Eubanks charged Plaintiff with "pursuing/having a non-correctional relationship w/ non-inmate" after Plaintiff allegedly sent a sexual letter to a female officer at WKCC on February 24, 2024. (DN 1-1, p.1). Thus, in light of Plaintiff's statement about "being falsely detained by D.O.C. in W.K.C.C. in the SMU for fictitious write ups" (DN 15), the Court liberally construes the complaint as asserting that the charge that Defendant Eubanks filed against Plaintiff was false, and resulted in him being wrongfully placed in segregation.

The Court construes Plaintiff's claim against Defendant Eubanks as a Fourteenth Amendment procedural due process claim. "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of procedural due process claims involves two steps: "[T]he first asks

whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

To determine whether segregation of an inmate from the general prison or jail population involves the deprivation of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment, the Court must determine if the segregation imposes an "'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.'" *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). In *Sandin*, the Supreme Court concluded that placement in segregation for 30 days did not impose an atypical and significant hardship. *Id*. The Sixth Circuit has held that more than one year in placement in administrative segregation did not implicate a prisoner's due process rights. *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Instead, generally only periods of segregation lasting for several years or more have been found to be atypical and significant. *See, e.g.*, *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (concluding that thirteen years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (finding that eight years of segregation implicates a liberty interest). Here, Plaintiff alleges that he was placed in administrative segregation on February 27, 2024, and he filed the instant action less than two months later, on April 2, 2024.[1] Due to this short time period, the Court concludes that the complaint fails to implicate a liberty interest requiring due process protections.

Moreover, even if Plaintiff's allegations implicated a liberty interest, "'[f]alse accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where

---

[1] The Court additionally notes that Plaintiff filed a letter dated July 27, 2024, indicating that he had been transferred to another state prison (DN 16). Thus, the longest amount of time Plaintiff could have been held in segregation at WKCC was from February 27, 2024, until July 27, 2024, which is five months.

the charges are subsequently adjudicated in a fair hearing.'"  *Farmer v. Phillips*, No. 20-5730, 2021 U.S. App. LEXIS 31448, at *10 (6th Cir. Oct. 19, 2021) (quoting *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004).  Here, the attachments to the complaint show that a hearing was held regarding Defendant Eubanks' charge on March 21, 2024, and that at the hearing, Plaintiff was represented by a legal aide, allowed to testify, and that the hearing officer concluded based upon staff statements, video footage, and the letter itself that Plaintiff was guilty of the charge, and sentenced him to fifteen days in segregation  (DN 1-1, pp. 24-25).[2]

### 3. Retaliation

Finally, in the complaint, Plaintiff states that the disciplinary charges he references "stem from a medical lawsuit."  The Court broadly construes this as a First Amendment retaliation claim. To succeed on a retaliation claim, a plaintiff must show that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated by the protected conduct.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  Here, even if the Court assumes that the lawsuit Plaintiff references could satisfy the first prong, and that the disciplinary charges referenced by Plaintiff satisfy the second prong, the complaint contains *no* allegations in support of the third prong (motive).  "[C]onclusory allegations of retaliatory motive 'unsupported by material facts'" will not suffice.  *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Flournoy v. Hemingway*, No. 20-13130, 2021 U.S. Dist. LEXIS 93709, at *22 (E.D. Mich. May 18, 2021) ("By 'merely alleg[ing] the ultimate fact of retaliation,' Plaintiff's argument for

---

[2] Based upon Plaintiff's attachments to the complaint, it appears that Plaintiff was still in segregation at the time he filed the complaint due to other disciplinary convictions.  However, the Court need not parse this issue out since Plaintiff has failed to state a claim against Defendant Eubanks even if he was still in segregation at the time he filed the complaint due to the charge made by Defendant Eubanks.

causation, and thus for actionable retaliation, fails.") (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir.2003)).

Thus, to the extent that Plaintiff is asserting a retaliation claim, it must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

For the reasons set forth above, the Court will enter a separate Order dismissing this action.

Date:  September 5, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.011